IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLARK A. MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07 C 1891 |
| ) | |
| FIRST NORTHERN CREDIT UNION, ) | HONORABLE CHARLES R. NORGLE |
| CREDIT UNION 1, ARIZONA STATE ) | |
| CREDIT UNION, GEORGIA CENTRAL ) | |
| CREDIT UNION, and GEORGIA TELCO ) | |
| CREDIT UNION, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge:

Before the court is Defendant Arizona State Credit Union's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, to Sever and Transfer Venue pursuant to 28 U.S.C. § 1404(a). For the following reasons, the court grants Defendant's Motion to Transfer Venue, and directs the clerk to transfer this entire case to the District of Arizona.

**I. BACKGROUND[1]**

**A. Facts**

This case involves a claim of patent infringement under the Patent Laws of Title 35 U.S.C. § 271. At the time he filed his complaint, Plaintiff Clark A. Mitchell ("Mitchell") was an

---

[1] The background information is taken from the Complaint, Defendant's Motion to Dismiss, or in the alternative to Transfer, and Plaintiff's Response to the Motion.

1

individual residing in Arizona.[2] Mitchell alleges that he is the inventor and owner of United States Patent No. 5,903,879 (the "879 Patent"), entitled "Method of Managing a Loan for Funding a Pension." The patent was issued on May 11, 1999. According to the patent's abstract filed with the United States Patent Office, the '879 Patent:

> [R]elates to a data processing method for monitoring and controlling a loan that is used for the purpose of funding a defined contribution pension plan. This loan involves a financial transaction in which an asset is appreciated by lending money to contribute to the asset while using, directly or indirectly, the asset as collateral for the loan.

Furthermore, the '879 Patent involves a "Participation Loan" in which:

> an employee eligible to participate in a pension plan is loaned up to the full employee contribution to the plan, thereby encouraging participation in the pension plan. This "Participation Loan" includes periodic payments to the employee until employment ceases, the employee retires, or the loan terminates. Data on the Loan, the pension plan assets, the employer, and the employee is kept by the lender. The employee must provide current information to the lender to prevent termination of the loan, at which point the loaned amount, plus interest, is due. Failure to provide current information causes an alarm that can lead to termination of the Loan. At termination, the loaned amount, plus interest, is preferably repaid in a single payment.

Defendant Arizona State Credit Union ("ASCU") is an Arizona company with its principal place of business in Glendale, Arizona. According to its website, ASCU "is the largest state-chartered federally insured credit union in Arizona." http://www.azstcu.org. (visited 10/4/2007). Mitchell alleges that ASCU and the other co-defendants have made, offered to sell, used, and/or sold in this judicial district and elsewhere in the United States, methods of computerized management of loans that directly or by inducement

---

[2] In his Response to Defendant's Motion, Plaintiff states that he "resides in California." Pl.'s Resp., at 10.

infringe one or more of the claims of the '879 Patent.

**B. Procedural History**

On April 1, 2007, Mitchell filed a one-count Complaint alleging patent infringement under 35 U.S.C. § 271 against all Defendants. In addition to damages, Mitchell requests that the court issue preliminary and permanent injunctive relief prohibiting Defendants from infringing upon the '879 Patent. On August 1, 2007, ASCU filed its Motion to Dismiss, or in the alternative, to Sever and Transfer to the District of Arizona. Mitchell filed his Response on August 22, 2007, and ASCU Replied on September 10, 2007. The Motion to Dismiss, or in the alternative, to Sever and Transfer is fully briefed and before the court.

The court notes that Defendants Georgia Central Credit Union and Georgia Telco Credit Union have filed a Motion to Dismiss pursuant to Rule 12(b)(6), or in the alternative, to dismiss for lack of jurisdiction. The court does not address that motion in this opinion.

## II. DISCUSSION

**A. Standard of Decision**

A district court may transfer a case pursuant to 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). Under this section, transfer is proper if: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) the transfer is in the interest of justice. See Boyd v. Snyder, 44 F. Supp. 2d 966, 968 (N.D. Ill. 1999). The moving party bears the burden of demonstrating that the transferee forum is the more convenient forum. See Heller Fin., Inc v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1293 (7th Cir. 1989). "The weighing of factors for and against transfer necessarily involves a

3

large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge." Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986).

**B. Venue**

The parties do not dispute that venue is proper in both the Northern District of Illinois and the District of Arizona. The action could have been brought in either district because under 28 U.S.C. § 1391(a)(1), venue is proper in "a judicial district where any defendant resides." Here, Mitchell alleges that First Northern Credit Union is an Illinois company with its principal place of business in Chicago, Illinois. Compl., ¶ 2. In patent infringement cases, venue is proper in the judicial district: (1) where the defendant resides; or (2) where the defendant has committed acts of infringement and has a regular and established place of business. See 28 U.S.C. § 1400(b). However, the parties dispute whether the transfer will serve the convenience of the parties and witnesses and the interests of justice.

**C. Convenience of the Parties and Witnesses**

In evaluating the convenience and fairness of transfer under § 1404(a), the court must consider both the private interests of the parties and the public interest of the court. The private interests of the parties include: (1) plaintiff's choice of forum, (2) situs of material events, (3) relative ease of access to sources of proof in each forum, including the court's power to compel appearance of unwilling witnesses at trial, and (4) costs of obtaining attendance of witnesses. Public factors include the court's familiarity with applicable law and the desirability of resolving controversies in their locale. Medi USA, L.P. v. Jobst Institute, Inc., 791 F. Supp. 208, 210 (N.D. Ill. 1992) (Norgle, J.); see generally 15 Charles A. Wright, Arthur R. Miller & E. Cooper, Federal Practice and Procedure §§ 3849-53 (1986).

Considering all of the Medi USA factors, the court finds that transfer is appropriate.

4

First, a plaintiff's choice of forum is given substantial weight, see In re National Presto Industries, Inc., 347 F.3d 662, 663 (7th Cir. 2003), however this factor is not usually dominant. See Medi, 791 F.Supp. at 210. Furthermore, it is not the only factor a court must consider. See Van Holdt v. Husky Injection Molding Systems, Ltd., 887 F.Supp. 185, 188 (N.D. Ill. 1995). "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." In re National Presto Industries, Inc., 347 F.3d at 664 (citing Zelinski v. Columbia 300, Inc., 335 F.3d 633, 643 (7th Cir. 2003)).

"Rarely, however, is not never." Zelinski, 335 F.3d at 664. In this case, Mitchell is not an Illinois citizen, nor does he allege to have ever been a citizen of Illinois. He resided in Arizona at the time he filed the complaint, and now claims that he "resides in California." Pl.'s Resp., at 10. A plaintiff's choice of forum is usually not the determinative factor. See Van Holdt, 887 F.Supp. at 188. There are other significant factors in this case, such as the location of witnesses and evidence, the fact that Illinois is not the situs of material events, and the convenience of the parties to litigate this case in Arizona. These factors are substantial enough to override Mitchell's choice of forum in the Northern District of Illinois, and tip the balance strongly in favor of ASCU. See In re National Presto Industries, Inc., 347 F.3d at 664.

Second, even though Mitchell chose Illinois as its forum, "the material events of a patent infringement case do not revolve around any particular situs." Medi, 791 F. Supp. at 210. The trier of fact determines patent infringement by comparing the offending device with the language of the claim. Id.; see also SRI Internat'l v. Matsushita Elec. Corp. of Am., 775 F.2d 1107, 1121 (Fed. Cir. 1985). The wrongful act in this case does not center around a specific location, rather around the possible infringement of a patent.

Third, the relative ease of access to sources of proof in each forum dictate that the court

5

must rule in favor of transfer. Any evidence necessary to the prosecution of Mitchell's claim is located in Arizona. All of ASCU's documents used in its marketing and sales offerings are located in Arizona, as well as ASCU's member records.

Fourth, convenience of the parties and costs of litigation favors transfer. A court will not grant a motion to transfer if it will merely shift the inconvenience from one party to another. See Medi USA, L.P., 791 F. Supp. at 211. In any transfer case, one party will necessarily be somewhat inconvenienced if it is required to travel to another jurisdiction, that cannot be avoided. However, in this case, neither party will suffer substantial inconvenience. Mitchell alleges he is now a resident of California. It is more convenient for Mitchell to travel from California to Arizona, than it is for him to travel from California to Illinois.

Additionally, Arizona is the more convenient forum for ASCU. The District of Arizona can compel non-party witnesses with greater ease than the Northern District of Illinois. See FED. R. CIV. P. 45(c)(3); In re National Presto Industries, Inc., 347 F.3d at 664 ("witnesses are subject to the usual 100-mile limitation") (citing Fey v. Walston & Co., Inc., 493 F.2d 1036, 1053 n. 21 (7th Cir. 1974)). This factor weighs in favor of the District of Arizona, as "the convenience of non-party witnesses is often viewed as the most important factor in the transfer analysis." Murphy v. Avon Products, Inc., 88 F.Supp. 2d. 851, 853 (N. D. Ill. 1999).

Furthermore, ASCU's headquarters are located in Glendale, Arizona, all of ASCU's employees live in the state, and all of ASCU's records relating to this litigation are located in Arizona. Because ASCU is a citizen of Arizona, its witnesses need only to travel to the courthouse within their state. The distance from Glendale to the District of Arizona courthouse in Phoenix is approximately 9 miles. See http://www.mapquest.com. (visited 10/4/2007). If this

case were to go to trial in the Northern District of Illinois, ASCU and its witnesses would suffer the inconvenience of constant travel to and from their home state, to a foreign jurisdiction.

**D. Interest of Justice**

The interest of justice factor pertains to the "efficient administration of the court system," and is a distinct and "separate component of a § 1404(a) analysis." See Coffey, 796 F.2d at 220-1. This factor may require the court to deny a motion to transfer, even though the court would otherwise find the original forum inconvenient for the parties and witnesses. See id. The interest of justice factor includes such issues as the speed at which the case will proceed to trial, the feasibility of consolidation, the court's familiarity with applicable law, the local interest in having controversies decided at home, and issues related to injunctive relief. See id. at 221; see also Law Bulletin Publishing Co. v. LRP Publications, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998).

Here, the interest of justice favors transfer of this case to the District of Arizona. First, this case wold proceed to trial much faster if it is transferred to the District of Arizona. Any witnesses that ASCU call will be located in Arizona, in addition to all the documentary evidence related to the patent at issue. However, this case would proceed to trial much slower if conducted in the Northern District of Illinois.[3] All of the Arizona witnesses would be flown in from out of state, and the evidence and records located at ASCU's home office in Glendale, Arizona would be transported to the Northern District of Illinois. Additionally, the Northern District of Illinois would have significant difficulty issuing subpoenas to unwilling non-party witnesses located in Arizona.

---

[3]The court has set United States v. Vallone, Case No. 04-CR-372, a multi-count, multi-defendant case with allegations of massive federal tax law violations for jury trial on 1/15/2008, which the court expects will take 3-4 months to try. The Government has turned over in excess of one million documents in that case.

7

Second, this is a patent infringement case arising under federal law, and therefore both federal district courts are capable to adjudicate this case. Third, ASCU is an Arizona citizen, and has an interest in a court in its own state deciding liability and damages. Lastly, while Mitchell requests injunctive relief in the complaint, see Compl., ¶ 15(d), neither party addresses the issues related to this court, or the District of Arizona, issuing such relief. One issue that may arise is the difficulty and high costs of enforcement that may arise if the Northern District of Illinois issues injunctive relief to ASCU, located in Arizona.

### III. CONCLUSION

For the reasons stated above, the court grants Defendant's Motion to Transfer. The court orders the clerk of the court to transfer the entire case file to the District of Arizona.

Additionally, the court does not address ASCU's Motion to Dismiss pursuant to Rule 12(b)(6), or its Motion to Sever for Improper Joinder under Rule 20(a). The court also does not address Defendants Georgia Central Credit Union and Georgia Telco Credit Union's Motion to Dismiss, or in the alternative, for lack of jurisdiction and venue.

IT IS SO ORDERED.

ENTER:

*[signature]*

CHARLES RONALD NORGLE, Judge

United States District Court

DATED: 10-4-07